

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00445-CR

## EX PARTE JAVIER ORDONEZ

On Appeal from the 69th District Court
Moore County, Texas
Trial Court No. 3754W2, Honorable Ron Enns, Presiding

January 29, 2019

# ORDER OF ABATEMENT AND REMAND

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant Javier Ordonez appeals the denial of his petition for writ of habeas corpus filed under article 11.072 of the Texas Code of Criminal Procedure.

Appellant is represented by retained counsel. The appellate record was due on January 3, 2019. The clerk's record has been filed. However, on January 10, the reporter notified the Court that appellant had not paid or made acceptable payment arrangements for the reporter's record. See TEX. R. APP. P. 35.3(b)(3). By letter of January 11, we directed appellant to make acceptable payment arrangements for the reporter's record by January 18. Failure to do so, we advised, could result in the appeal being abated and the cause remanded to the trial court for further proceedings. See TEX. R. APP. P.

37.3(a)(2). Appellant has not made payment arrangements for the reporter's record to date.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 37.3(a)(2). Upon remand, the trial court shall utilize whatever means it finds necessary to determine the following:

(1)    whether appellant still desires to prosecute the appeal;

(2)    if appellant desires to prosecute the appeal, whether appellant is entitled to have the reporter's record furnished without charge;

(3)    if appellant is not entitled to have the reporter's record furnished without charge, the date appellant will make acceptable payment arrangements for the reporter's record; and

(4)    what orders, if any, should be entered to assure that the reporter's record will be filed promptly and that the appeal will be diligently pursued.

The trial court shall issue findings of fact and conclusions of law addressing the foregoing subjects. Additionally, the trial court shall cause to be developed 1) a clerk's record containing the findings of fact and conclusions of law, and 2) a reporter's record transcribing the evidence and argument presented at any hearing held. The hearing record shall be filed with the Clerk of this Court on or before February 28, 2019. Should additional time be needed to perform these tasks, then same must be requested on or before that date.

It is so ordered.

Per Curiam

Do not publish.

2